UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § § | |
| v. | § § | CASE NO: 1:13-CR-00010-P-BL-1 |
| GARY G. PETERSON | § § § | |

REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

The magistrate judge submits this Report and Recommendation to the United States district judge pursuant to 28 U.S.C. §636(b) and the referral Order dated December 21, 2015 (Doc. 42), addressing the motion to revoke GARY G. PETERSON's term of probation.

I. PROCEDURAL BACKGROUND

A. Original Conviction and Current Underlying Charge

On April 2, 2013, GARY G. PETERSON (hereafter "Defendant") pleaded guilty to Count One of an information charging Misprision of Felony, 18 U.S.C. § 4. (Docs. 13-16 ). On August 27, 2013, Defendant was sentenced to a term of probation for three (3) years. (Doc. 28.) Probation commenced on August 27, 2013. (Doc. 28).

On March 18, 2015, a Petition for Offender under Supervision was executed by the United States Probation Office (Doc. 32), requesting a violator's warrant for Defendant's arrest after violation of the conditions discussed below. The District Judge ordered the issuance of a warrant on March 19, 2015 (*id.*), and a warrant was issued the same day. (Doc. 33).

On July 23, 2015, Defendant was arrested. (Doc. 36). He was charged with Online Solicitation of a Minor under 14 Years of Age, in violation of Texas Penal Code § 33.021(f), a second degree felony, and indicted for this offense on July 2, 2015, in Case No. 26364-A in the 42nd District Court, Taylor County, Texas. (Doc. 35). Defendant is currently set for jury trial on February 22, 2016.

### B. Current Revocation Proceedings

#### 1) Procedural History

Before the Court is the Government's Motion to Revoke Probation dated July 27, 2015 (Doc. 35), requesting revocation of Defendant's term of probation and that Defendant be ordered to serve a sentence as determined by the Court.

Following Defendant' arrest, he appeared before the undersigned magistrate judge on July 28, 2015, for an initial appearance (Doc. 37). A detention hearing and preliminary revocation hearing were scheduled for August 13, 2015. Defendant, represented by counsel, waived the preliminary hearing but contested detention. Defendant presented his case by proffer, and the government elicited testimony from Detective John Graham of the Taylor County Sheriff's Office. At the conclusion of the hearing, an Order of Detention and Finding Probable Cause was entered by the magistrate judge on August 13, 2015 (Doc. 41).

#### 2) Violation Allegations

As indicated above, a violator's warrant was issued and Defendant was arrested for allegedly violating terms of his probation, specifically[1]:

---

[1] Alleged violations taken from Petition for Offender under Supervision dated March 18, 2015.

### Violation of Mandatory Condition

The defendant shall not commit another federal, state or local crime.

### Nature of Noncompliance

Gary G. Peterson violated this condition of probation on March 18, 2015, as evidenced when he arrived at a predetermined location, at a specific time, in Abilene, Texas, to meet a person he knew to be 13 years of age, for the purpose of sexual contact. He was arrested, and he is being charged with Online Solicitation of a Minor Under 14 Years of Age, a violation of Texas Penal Code § 33.021(f), a Second Degree Felony.

### 3) Revocation Hearing

A Final Hearing on the Motion to Revoke Probation was held on January 5, 2015, before the magistrate judge. Defendant was represented by Dan Hurley; the United States was represented by Assistant United States Attorney Juanita Fielden. The proceedings were electronically recorded.

Upon call of the matter, Defendant was placed under oath. The undersigned read the allegations contained in the Government's Motion to Revoke, after which Defendant indicated that he understood the allegations. The undersigned then explained to Defendant the statutory maximum terms of incarceration and supervised release as well as the sentencing options available to the Court. Defendant acknowledged his understanding and entered a plea of **not true** to the allegations contained in Section I.B (2) above, specifically: the Mandatory Condition that Defendant not commit another federal, state, or local crime.

The government proceeded to call Detective John Graham of the Taylor County Sheriff's Office. Detective Graham testified that Defendant had solicited sex from a 13 year old female online. Graham explained that he had created a fictitious female profile online and placed a Craigslist ad waiting for a response. Graham admitted that the Craigslist ad characterized the female as an adult over the age of 18, but he added that he later informed Defendant through

3

messages and texts that the online female was really 13 years old. Graham testified that Defendant acknowledged this fact on several occasions. Further, Graham testified that Defendant communicated that he was 50 years old, rather than his true age of 61. Graham added that their continued conversations were of a sexual nature and that Defendant repeatedly tried to persuade the minor female to meet. Graham explained that he, as the minor female, agreed to meet Defendant and that Defendant proceeded to the designated meeting area under the surveillance of several law enforcement officers. Graham stated that Defendant was arrested upon arrival at the meeting location for violating § 33.021(c). Graham added that Defendant was found to be in possession of erectile dysfunction medication. Graham advised that Defendant was interviewed and gradually acknowledged his communications with the female online. Graham explained that Defendant was not arrested for mere "dirty talk," but, rather, he was arrested for soliciting a meeting with a minor for sex via electronic communication. Beyond that, Graham added that an actor is only arrested when they show up for such a meeting.

On cross examination, Graham admitted that Defendant had told him that he (Defendant) believed that the person that he had been communicating with online had been lying about their age and that he believed that the female was over 18 years old. Further, Graham testified that Defendant told him that he would have left the meeting area if the online female was not over 18 years old. On re-direct, Graham confirmed that he, posing as the online female, informed Defendant between three and five times that the female was 13 years old. He also confirmed that he made this clear in the conversations leading up to the meeting.

Upon conclusion of the evidence, defense counsel referenced a recent case, *Ex parte Wheeler*, ——S.W.3d——, 2015 WL 5770850, at *1 (Tex. App.—Houston [1st Dist.] 2015, pet. filed), and indicated that the *Wheeler* court analyzed the problems associated with Texas Penal

Code § 33.021(c) in regards to consenting adults involved in "ageplay" or role play where one party purports to be a minor. Defense counsel argued that § 33.021(c), like § 33.021(b) which was ruled unconstitutional by *Ex parte Lo*, 424 S.W.3d 10, 17 (Tex. Crim. App. 2013), targets constitutionally protected thought and expression. Further, he argued that if Defendant believed he was meeting with an adult who had engaged in ageplay, his actions would nevertheless be condemned under Texas law, making this a strict liability statute and, as such, unconstitutional. Counsel admits that the *Wheeler* case and others were resolved against his client's position, but posits that several courts concede that the statute could be void for vagueness, as applied, in certain situations. Counsel concluded by objecting that § 33.021(c) is overbroad in that it prohibits otherwise legal speech between consenting adults involved in role play. The Government countered that § 33.021(c) is still good law and had not been overturned at the time of this hearing.

Defendant consented orally and in writing to allocution before the magistrate judge (Doc.47), but declined to make a statement.

## II. ANALYSIS

### A. Current state of the law

In *Ex parte Wheeler*, the Houston Court of Appeals thoroughly analyzed the constitutionality of § 33.021(c) and concluded that it was neither overbroad nor void for vagueness. 2015 WL 5770850, at *1. In that case, Wheeler, like Defendant, argued that the statute "precludes an ageplayer from defending himself on the basis that the solicitation was a mere fantasy." *Id.* In response, the *Wheeler* court relied on longstanding precedent that "teaches that a statute should not be invalidated for overbreadth merely because it is possible to imagine some unconstitutional application." *Id.* at *3. The court added that "the government objective—to protect children from sexual exploitation and abuse—is one the Supreme Court of the United

States regards as having surpassing importance." *Id.* (citing *New York v. Ferber*, 458 U.S. 747, 757 (1982)). The court concluded, "Because the statute's arguable overbreadth is insubstantial when judged in relation to the statute's plainly legitimate sweep, we hold that Penal Code section 33.021(c) is not unconstitutionally overbroad." *Id.* That said, the *Wheeler* court did acknowledge that there might exist circumstances where § 33.021 is impermissibly applied to innocent ageplayers since ageplay has become more prevalent in the social media age. *Id.* However, the court opined that these instances could be cured by "thorough and case-by-case analysis and judicious use of prosecutorial discretion." *Id.*

In *Ex parte Fisher*, the Amarillo Court of Appeals denied a similar challenge to § 33.021(c) and ruled that the statute was constitutional. *Ex Parte Fisher*, —— S.W.3d——, 2015 WL 8781336, at *1 (Tex. App.—Amarillo 2015, no. pet. h.). In that case, Fisher was charged by indictment with intentionally and knowingly soliciting a minor to meet for the purposes of engaging in sexual contact, sexual intercourse, and deviate sexual intercourse in violation of § 33.021(c). *Id.* Like Wheeler, Fisher argued that the statute was overbroad and unconstitutionally vague.[2] Regarding the overbreadth challenge, the *Fisher* court took a different approach and instead chose to discount the prevalence of online ageplay. *Id.* at *4. The *Fisher* court dissected the lone online article touting the prevalence of ageplay and concluded that it amounted to nothing more than "an anecdotal account of the observations of a layman regarding a subject matter that interests him." *Id.* Accordingly, the court concluded that the possible deleterious effects of § 33.021(c) on innocent ageplayers, if any, was not substantial and that Fisher had not carried the burden of proving the statute's unconstitutionality. *Id.*

Next Fisher contended that § 33.021(c) was unconstitutionally vague, essentially because

---

[2] Fisher also contended that the statute violated the Dormant Commerce Clause.

§ 33.021(d) was internally inconsistent with § 33.021(c) in that subsection (d) eliminated the specific intent element created in subsection (c). In other words, Fisher argued that subsection (c) required specific intent by the actor to meet a minor for sexual purposes, but that subsection (d), as it then existed,[3] eliminated that intent by prohibiting defenses based on facts that the meeting did not occur, the actor did not intend to meet, or the actor was engaged in fantasy at the time the offense was committed. *Id.* at *5. The *Fisher* court concluded, citing *Wheeler* and *Ex Parte Victorick*, 2014 WL 2152129, at *7 (Tex. App.—Beaumont 2014, pet. ref'd), *cert. denied sub nom. Victorick v. Texas*, 135 S. Ct. 1557 (2015), that the plain language of the § 33.021(c) focuses on the *mens rea* at the *time* of the solicitation, not the conduct of the actor post-solicitation. *Id.* (emphasis added); *Ex Parte Zavala*, 421 S.W.3d 227, 231-32 (Tex. App.—San Antonio 2013, pet. ref'd) ("the gravamen of the offense defined by [§ 33.021(c)] is the knowing **solicitation** of a minor to meet a person, with the intent that the minor will engage in some form of sexual contact with that person. . . . The prohibited conduct is the act of 'soliciting.'") (emphasis in original). As a result, the court overruled Fisher's vagueness challenge.

There have been many successful challenges to § 33.021(b) after *Ex parte Lo*, but, to date, the Court is unaware of any cases invalidating the constitutionality of § 33.021(c). In fact, beyond those previously cited, several recent cases have upheld its validity. *See Coe v. State*, No. 09-13-00409-CR, 2015 WL 3898001, at *1 (Tex. App.—Beaumont 2015, no pet.); *Collins v. State*, ——S.W.3d——, 2015 WL 6768734, at *1 (Tex. App.—Eastland 2015, no pet. h.); *Ex parte Snyder*, No. WR-81,672-01, 2014 WL 5370028, at *1 (Tex. Crim. App. 2014); *Maloney v. State*, 294 S.W.3d 613 (Tex. App.—Houston [1st Dist.] 2009, pet. ref'd); *United States v. Russ*,

---

[3] A revised version of Section 33.021(d) became effective on September 1, 2015. The current version reads, "It is not a defense to prosecution under Subsection (c) that the meeting did not occur." Tex. Pen. Code § 33.021(d).

No. 1:13-CR-61, 2014 WL 1791359, at *1-2 (E.D. Tex. May 5, 2014) (analyzing the federal equivalent of § 33.021(c) in reference to a challenge under *Lo*).

### B. Revocation Standards

If a defendant violates a condition of probation at any time prior to the expiration or termination of the term of probation, the Court may (1) continue him/her on probation, with or without extending the term or modifying or enlarging the conditions; or (2) revoke the sentence of probation and resentence the defendant under Subchapter A. 18 U.S.C. § 3565(a). Further, when a defendant is sentenced following revocation of probation, the District Court is not limited to the sentencing range available at the time of the original sentence. U.S. v. Pena, 125 F.3d 285, (5th Cir. 1997).

"The probation-revocation statute, unlike the revocation-of-supervised-release statute, says nothing about the level of evidence required. *Compare* 18 U.S.C. § 3565 (setting out no burden of persuasion for revocation of probation) *with* 18 U.S.C. § 3583(e) (declaring that preponderance of the evidence is the burden of persuasion for revocation of supervised release)." *United States v. Vixamar*, 679 F.3d 22, 26 (1st Cir. 2012). But, several circuit courts of appeal have determined that a probation violation must be based on a preponderance of the evidence. *United States v. Teran*, 98 F.3d 831, 836 (5th Cir. 1996); *United States v. Bujak*, 347 F.3d 607, 609 (6th Cir. 2003); *United States v. Sadeghi*, 616 F. App'x 607, 608 (4th Cir. 2015); *United States v. Patton*, 118 F. App'x 427, 430 (10th Cir. 2004). Preponderance of the evidence is defined as "[t]he degree of relevant evidence that a reasonable person, considering the record as a whole, would accept as sufficient to find that a contested fact is more likely to be true than untrue." 5 C.F.R. § 1201.4 (2015).

An offense under Texas Penal Code § 33.021(c) is a second-degree felony. Tex. Penal Code § 33.021(f).

Texas Penal Code § 33.021(c) reads:

> A person commits an offense if the person, over the Internet, by electronic mail or text message or other electronic message service or system, or through a commercial online service, knowingly solicits a minor to meet another person, including the actor, with the intent that the minor will engage in sexual contact, sexual intercourse, or deviate sexual intercourse with the actor or another person.

Tex. Penal Code § 33.021(c).

After consideration of the testimony at the final revocation hearing, the Court finds by preponderance of the evidence that Defendant committed the felony offense of Online Solicitation of a Minor, as defined by Texas Penal Code § 33.021(c). *See Teran*, 98 F.3d 831, 836. Accordingly, the Court recommends that Defendant's probation be revoked. *Id.*

### III. FINDINGS OF THE COURT

i. Defendant pleaded **not true** to the allegations that he violated conditions of his probation as contained in the Government's Motion to Revoke, and set forth in Section I.B(2) above, specifically: the Mandatory Condition that Defendant not commit another federal, state or local crime.;

ii. The Defendant was competent to make the decision to plead not true to the allegations;

iii. The Defendant had both a factual and rational understanding of the proceedings against him;

iv. The Defendant did not suffer from any physical or mental impairment that would affect his ability to fully understand the charges against him or the consequences of his plea;

 v. The Defendant was sane and mentally competent to stand trial for these proceedings and to assist his attorney in the preparation and conduct of his defense;

 vi. The Defendant received a copy of the Government's Motion to Revoke, either read or had it read to him, had adequate opportunity to discuss the charges against him with his attorney, and ultimately understood the charges alleged against him;

 vii. A preliminary revocation hearing was scheduled but terminated upon the waiver of Defendant to contest probable cause as to the alleged violations. An Order of Detention and Finding Probable Cause was subsequently entered by the magistrate judge;

 viii. At the final revocation hearing, Defendant understood all of his statutory and constitutional rights, including those mandated by Rule 32.1(b)(2)(A-E); and

 ix. For the reasons set forth above, Defendant was found to have violated a condition of his probation.

## IV. SENTENCING

### A. FACTORS

The Court may revoke a term of probation after finding that a defendant has violated a condition thereof. *See* 18 U.S.C. § 3565(a)(2). Upon revocation, a court should impose a sentence that is sufficient, but not greater than necessary to comply with the purposes set forth in 18 U.S.C. § 3553(a). *See* § 3565(a). The sentencing court is to consider:

 i. The nature and circumstance of the offense and the history and characteristics of the defendant, *see* 18 U.S.C. § 3553(a)(1);

 ii. The need for the sentence imposed to afford adequate deterrence to criminal conduct, see 18 U.S.C. § 3553(a)(2)(B); to protect the public from further crimes of the defendant, see 18 U.S.C. § 3553(a)(2)(C); and to provide the defendant with needed educational or vocational training, medical care, or other corrective treatment in the most effective manner, see 18 U.S.C. § 3553(a)(2)(D);

 iii. The kinds of sentence and the applicable sentencing range established in the United States Sentencing Commission's Sentencing Guidelines pursuant to section 994(a)(3) of title 28, United States Code, any amendments thereto, and any associated policy statements made by act of Congress or issued by the Sentencing Commission, see 18 U.S.C. § 3553(a)(4)(B);

    iv.    The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct, see 18 U.S.C. § 3553(a)(6); and

    v.    The need to provide restitution to any victims of the offense, see 18 U.S.C. § 3553(a)(7).

The undersigned has carefully considered the factors listed in 18 U.S.C. §§ 3565(a) and 3553(a) as applied to this defendant.

### B. STATUTORY AND GUIDELINE PROVISIONS

The classification of Defendant's underlying criminal offense results in a three-year statutory maximum term of incarceration upon revocation of probation. *See* 18 U.S.C. § 4. United States Sentencing Guideline 7B1.4(a) suggests a revocation range of four to ten months imprisonment, based upon Defendant's criminal history category of I and the admitted Grade B violation.

Defendant may also be placed on supervised release following any term of imprisonment imposed upon revocation. 18 U.S.C. § 3565(a)(2). Defendant is subject to a term of supervised release of at twelve (12) months under the statutory provisions and policy statements.

### C. RECOMMENDATION

Defendant was afforded the opportunity of a probation sentence, but has engaged in criminal conduct while under probation supervision. His new offense conduct involved a victim he believed to be under the age of 14 years, whom he sought out, and attempted to entice into sexual activity. The Court will therefore recommend the maximum term of incarceration, and a term of supervised release upon completion of his custody sentence.

## V. CONCLUSION

Upon consideration of the foregoing, the magistrate judge **RECOMMENDS**:

i. that Defendant be found to have violated the conditions of his probation as set forth in Section I.B(2) above, specifically: the Mandatory Condition that Defendant not commit another federal, state, or local crime;

ii. that his probation be REVOKED;

iii. that he be SENTENCED to the custody of the Attorney General for a period of thirty-six (36) months, said term to be served concurrent to any sentence imposed Case No. 26364-A in the 42nd District Court, Taylor County, Texas.; and

iv. that a one-year term of supervised release be imposed, with the following conditions:

1. The defendant shall participate in sex offender treatment services as directed by the probation officer until successfully discharged. These services may include psycho-physiological testing to monitor the defendant's compliance, treatment progress, and risk to the community. The defendant shall contribute to the costs of services rendered (copayment) at a rate of at least $40 per month.

2. The defendant shall have no contact with minors under the age of 18, including by correspondence, telephone, internet, electronic communication, or communication through third parties. The defendant also shall not have access to or loiter near school grounds, parks, arcades, playgrounds, amusement parks or other places where children may frequently congregate. Any exception to these restrictions must be approved in advance by the U.S. Probation Officer.

3. The defendant shall neither possess nor have under his/her control any pornographic, sexually oriented, or sexually stimulating materials, including visual, auditory, telephonic, or electronic media, computer programs, or services. The defendant shall not patronize any place where such material or entertainment is available. The defendant shall not use any sex-related telephone numbers.

4. The defendant shall neither seek nor maintain employment or volunteer work at any location and/or activity where children under the age of 18 would congregate without prior permission of the U.S. Probation Officer.

5. The defendant shall not date or befriend anyone who has children under the age of 18, unless approved in advance by the U.S. Probation Officer.

6. The defendant shall not possess nor utilize a computer or internet connection device during the entire term of supervised release, unless approved by the U.S. Probation Officer, and computer monitoring software has been installed.

7. The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, et seq.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he or she resides, works, is a student, or was convicted of a qualifying offense.

## NOTICE OF OPPORTUNITY TO FILE OBJECTIONS TO REPORT AND RECOMMENDATION

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

SIGNED this 25th day of January, 2016.

E. SCOTT FROST
UNITED STATES MAGISTRATE JUDGE